FILED
SUPERIOR COURT
OF GUAM

2024 JUN -6 PH 12: 21

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

v.

ROLANDO AFKAS JACKSON
(*aka* ROLANDO JACKSON)
(*aka* RAUL JONES)
(*aka* TROY AFKAS)
(*aka* ASKAS TROY)
(*aka* TROY OTTO AFKAS),
DOB: 12/08/1992 or 12/04/1992 or
12/03/1992 or 12/04/1990

Defendant.

**Criminal Case No. CF0064-21**
GPD Report Nos. 20-09015
**Criminal Case No. CF0150-21**
GPD Report Nos. 21-06797

**DECISION AND ORDER
REVOKING
DEFENDANT'S PROBATION**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on May 10, 2024 for a Revocation Hearing in the above-captioned matter related to Rolando Afkas Jackson's (*aka* Rolando Jackson's) (*aka* Raul Jones's) (*aka* Troy Afkas's) (*aka* Askas Troy's) (*aka* Troy Otto Afkas's) ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Assistant Public Defender Jocelyn Roden. The People of Guam were represented by Assistant Attorney General Leta Womack. Having duly considered the Parties' oral arguments and the applicable law, the Court now issues the following Decision and Order Revoking Defendant's Probation.

## BACKGROUND

On September 16, 2021, Defendant pled guilty to two counts of Possession of a Schedule II Controlled Substance (as a 3rd Degree Felony), and one count of Vehicle Without Identification (as

Decision and Order Revoking Defendant's Probation
CF0064-21 & CF0150-21, *People of Guam v. Rolando Afkas Jackson*
Page 1 of 6

a Misdemeanor).  See Judgment of Conviction (Nov. 17, 2021).  A Judgment was entered imposing the following relevant conditions of probation:

- **MANDATORY TESTING:** Defendant shall submit to random alcohol and drug testing under the supervision of the Adult Probation Office.

- **MANDATORY REPORTING:** Defendant shall report to the Adult Probation Office *three (3) times per week* in person, or as ordered by the Court or the Probation Office.

- **NO DRUGS:** Defendant shall not possess or consume any illegal controlled substances or marijuana.

- **COURT ORDERS:** Defendant shall comply with any court orders entered against Defendant, including orders of family court or any other local or federal court of competent jurisdiction.

- **COUNSELING/TREATMENT:** Defendant shall attend and successfully complete any drug and/or alcohol counseling program recommended by the Court after assessment at the Guam Behavioral Health and Wellness Center at no cost to the Defendant.  Defendant shall diligently report within seventy-two (72) hours from either Defendant's release from the Department of Corrections or his guilty plea, whichever is the latter.

- **COUNSELING/TREATMENT:** Defendant shall attend two (2) recovery support group meetings per week, for twelve (12) weeks after the taking of his plea, for a total of twenty-four (24) meetings, or as otherwise ordered by the Court.

- **FINE:** Defendant shall pay a **fine** of **five thousand dollars ($5,000.00)** plus court costs of eighty dollars ($80.00). Defendant shall pay no less than two hundred twenty dollars ($220.00) per month following Defendant's guilty plea or the first month following Defendant's release from Department of Corrections, whichever is later.

- **COMMUNITY SERVICE:** Defendant shall complete **two hundred (200) hours** of **community service** under the direction of the Adult Probation Office.

Decision and Order Revoking Defendant's Probation
CF0064-21 & CF0150-21, *People of Guam v. Rolando Afkas Jackson*
Page 2 of 6

Defendant shall receive two (2) hours credit towards community service for each hour of counseling Defendant attends. All or part of the community service imposed may be converted into a fine at the current prevailing minimum wage.

- **LAWS:** Defendant shall obey all federal and local laws of Guam.

Id.

On November 3, 2021, a Violation Report was filed indicating that Defendant had failed to submit to a scheduled drug test. See Violation Report (Nov. 3, 2021). This is particularly concerning given that Defendant's convictions are for drug-related offenses.

On November 17, 2021, another Violation Report was filed indicating that Defendant had not been reporting to the Adult Probation Office as required. See Violation Report (Nov. 17, 2021). The Adult Probation Office attempted several times to reach out to Defendant, but were unsuccessful. Id.

On February 18, 2022, another Violation Report was filed indicating that Defendant admitted to recently using methamphetamine. See Violation Report (Feb. 18, 2022). Defendant then refused to submit to a drug test when requested. Id.

On May 17, 2022, a Summons was issued for Defendant to appear at a scheduled court hearing on June 16, 2022. See Summons (May 17, 2022). Despite the Court order, Defendant failed to appear at the hearing and a warrant was issued for his arrest. See Minute Entry (Jun. 16, 2022).

On October 14, 2022, another Violation Report was filed indicating that Defendant had again admitted to using methamphetamine. See Violation Report (Oct. 14, 2022). This followed a drug test in which Defendant tested positive for methamphetamine. Id.

On November 1, 2022, another Violation Report was filed indicating that Defendant still was not reporting to the Adult Probation Office as required. See Violation Report (Nov. 1, 2022). Furthermore, the Report indicated that Defendant hadn't reported to the Guam Behavioral Health

Decision and Order Revoking Defendant's Probation
CF0064-21 & CF0150-21, *People of Guam v. Rolando Afkas Jackson*
Page 3 of 6

and Wellness Center for intake/assessment, hadn't been attending his recovery support group meetings, and was not making progress on either paying off his fines/court costs or working off his community service hours. Id.

On February 22, 2023, another Violation Report was filed indicating that Defendant again tested positive for methamphetamine. See Violation Report (Feb. 22, 2023). The Report also made clear that Defendant was not reporting to the Adult Probation Office, not making progress on his counseling/treatment sessions, not making payments on his fines/court costs, and not performing his community service hours. Id.

On November 6, 2023, another Violation Report was filed indicating that Defendant was indicted in CF0713-23 on new criminal charges of Possession of a Schedule II Controlled Substance (as a 3rd Degree Felony) and Operation of a Motor Vehicle Without a Driver's License (as a Violation). See Violation Report (Nov. 6, 2023).

On May 10, 2024, the Court held a Revocation Hearing and subsequently took the matter under advisement. See Minute Entry (May 10, 2024).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

Decision and Order Revoking Defendant's Probation
CF0064-21 & CF0150-21, *People of Guam v. Rolando Afkas Jackson*
Page 4 of 6

Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant violated his probation conditions and that there is probable cause to support the violations. Since entering probation, Defendant has tested positive for methamphetamine multiple times. Defendant also has routinely disobeyed his reporting requirements to both the Adult Probation Office and the Guam Behavioral Health and Wellness Center. Defendant has made no progress on paying off his fines/court costs, working off his community service hours, or attending his recovery support group meetings. Defendant has also willfully disregarded the Court's orders, having disobeyed orders to appear at scheduled court dates. Defendant has continued his criminal conduct while on probation, and now finds himself indicted on new felony charges in CF0713-23.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Decision and Order Revoking Defendant's Probation
CF0064-21 & CF0150-21, *People of Guam v. Rolando Afkas Jackson*
Page 5 of 6

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by violating numerous probationary conditions. Defendant has continuously violated over a half-dozen different probation conditions over a multi-year period. Defendant's lack of progress in completing his conditions, paired with new criminal charges against him, suggest Defendant will be unable to comply with future probation conditions if given another chance.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA § 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to **three (3) years incarceration** at the Department of Corrections, Mangilao with credit for time served. After the completion of the Defendant's sentence the Court shall close the above-captioned case.

**IT IS SO ORDERED** this ___June 6, 2024_____.



**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG; PDL

Date: 6/6/24 Time: 12:30
Camberio C
Deputy Clerk, Superior Court of Guam

Decision and Order Revoking Defendant's Probation
CF0064-21 & CF0150-21, *People of Guam v. Rolando Afkas Jackson*
Page 6 of 6